# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UCHE A., | Civil Action No. 19-15249 (SRC) |
| Petitioner, | |
| v. | OPINION |
| WILLIAM ANDERSON, | |
| Respondents. | |

**CHESLER,** District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Uche A., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 5). Petitioner did not file a reply. For the following reasons, this Court will deny the habeas petition without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of Nigeria who entered this country in April 1986 as a temporary visitor authorized to remain in the United States until April 20, 1986. (Document 2 attached to ECF No. 5). Petitioner did not depart at the expiration of his authorization. (*Id.*). Based on Petitioner's failure to depart and decades of overstay, Petitioner was taken into immigration custody in July 2013 and placed into removal proceedings. (*Id.*). Although Petitioner's criminal history at the time of his initial detention included a March 2013 New Jersey conviction for use of the ID of another driver, an identity theft offense which resulted in a three

1

year prison sentence,[1] Petitioner was at that time detained pursuant to the Government's discretionary detention authority under 8 U.S.C. § 1226(a). (Document 3 attached to ECF No. 5 at 2-3). Petitioner thereafter requested a bond hearing and was granted bond in the amount of $ 12,000 in September 2013. (Document 1 attached to ECF No. 5 at 2). Petitioner apparently paid this bond and was released from immigration custody on September 23, 2013. (*Id.*). On September 17, 2014, Petitioner filed an application for relief in the immigration court. (*Id.*).

While out on bond, Petitioner was arrested in March 2015 for offenses including fraud and obstruction of the highways in New Jersey. (Document 3 attached to ECF No. 1 at 2-3). Based on this arrest, Petitioner was taken back into immigration detention. (Document 1 attached to ECF No. 5 at 3). On July 30, 2015, however, Petitioner sought and was once again granted bond, this time in the amount of $ 6,000. (*Id.*). Petitioner paid this bond and was again released on August 4, 2015. (*Id.*). Petitioner was thereafter convicted of use of fraud in New Jersey arising out of his March 2015 arrest on August 6, 2015. (Document 3 attached to ECF No. 5 at 3).

On June 21, 2018, Petitioner was arrested on domestic violence charges. (*Id.*). Following this arrest, the Government took Petitioner back into custody on June 22, 2018. (*Id.* at 2). Petitioner once again sought bond, but his request for bond was ultimately denied on September 6, 2018, as the immigration judge determined that Petitioner was now subject to mandatory detention under 8 U.S.C. § 1226(c) as his criminal record now included convictions for two crimes involving moral turpitude in the form of his fraud and use of another's identification convictions. (Document 4 attached to ECF No. 5). Litigation of Petitioner's removal proceedings thereafter continued, with Petitioner filing further applications for relief from removal in November 2015

---

[1] In May 1989, Petitioner was also arrested for making a false application for a United States passport, but this charge was dismissed after Petitioner completed a deferred prosecution program. (Document 5 attached to ECF No. 5 at 3).

2

and May 2019. (Document 1 attached to ECF No. 5 at 3-4). Following multiple delays to permit Petitioner to prepare, replace his counsel, and file new applications for relief some six years into his removal proceedings, the immigration judge ordered Petitioner removed on June 5, 2019. (*Id.* at 3-4; Document 5 attached to ECF No. 5). Petitioner filed an appeal of that decision on July 8, 2019. (Document 1 attached to ECF No. 5 at 5). That appeal is apparently still pending.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his habeas petition, Petitioner argues that his continued immigration detention pursuant to 8 U.S.C § 1226(c) for seventeen months without a bond hearing following his being taken back into immigration detention in June 2018 violates his right to Due Process in light of the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and

3

*Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). Although the Supreme Court abrogated the direct holdings of those decisions in *Jennings v. Rodriguez*, 538 U.S. ---, 138 S. Ct. 830 (2018), see *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018), both courts in this District and the Third Circuit have recognized, that the abrogation of the constitutional avoidance holdings of *Diop* and *Chavez-Alvarez* did not rob those cases of all precedential authority. *Id.*; *see also Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018. Specifically, the Third Circuit has noted that "*Jennings* did not call into question [the] constitutional holding in *Diop* [and *Chavez-Alvarez*] that detention under § 1226(c) may violate due process if unreasonably long." *Borbot*, 906 F.3d 278-29; *see also Dryden*, 321 F. Supp. 3d at 502.

After *Jennings*, it therefore remains the law in this Circuit that the as-applied "constitutionality of [§ 1226(c) detention is] a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any determination on reasonableness [requires a] highly fact specific" inquiry. *Chavez-Alvarez*, 783 F.3d at 474-75; *see also Diop*, 656 F.3d at 232, 234. An alien's immigration detention may thus become an unconstitutional application of § 1226(c) where the prolonged nature of that detention becomes "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474. Although "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute," *Chavez-Alvarez*, 783 F.3d at 476, where an alien's detention becomes unreasonably prolonged merely because he has pursued valid challenges to his removal, his detention may

4

eventually become so arbitrary that the Due Process clause requires a bond hearing. *See K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing where Petitioner was pursuing a valid petition for review before the Third Circuit and had received a stay of removal); *see also Carlos A. v. Green*, No. 18-13356, 2019 WL 325543, at *4 (D.N.J. Jan. 25, 2019) (detention of over eighteen months).

While Petitioner's detention pursuant to § 1226(c) has been lengthy – he has been detained under the statute for seventeen months – much of that period was the result of requests by Petitioner for more time to prepare, a delay based on Petitioner's counsel withdrawing, or delays resulting from applications for removal Petitioner did not file until nearly six years into his removal proceedings which the immigration judge ultimately determined were statutorily barred. (*See* Document 1 attached to ECF No. 5 at 3-4; Document 5 attached to ECF No. 5 at 3, 3 n. 1). More importantly, however, Petitioner's is not a case in which an alien was never provided an opportunity for bond during unnecessarily lengthy removal proceedings – he was twice granted bond during his removal proceedings, and was ultimately subjected to § 1226(c) mandatory detention only because he both committed and was convicted of fraud and was arrested and charged with domestic violence charges while out on immigration bond. Given the lengthy delays which were the result of Petitioner's own conduct and, more importantly, Petitioner's criminal activity while previously released on bond in this matter, this Court finds that Petitioner's detention, while lengthy, has not become so prolonged that it amounts to an arbitrary deprivation of liberty in the absence of a new bond hearing. Petitioner's habeas petition must therefore be denied.

## III. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is DENIED WITHOUT PREJUDICE. An appropriate order follows.

Hon. Stanley R. Chesler,
United States District Judge